Weng-Weng v. Holder

BIA
Bukszpan, IJ
A099 538 456

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

JUN JI WENG-WENG, AKA JUN JI WENG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

11-4835

NAC

_____

FOR PETITIONER: Michael Brown, New York, New York.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Rebekah Nahas, Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jun Ji Weng-Weng, a native and citizen of the People's Republic of China, seeks review of an October 28, 2011, decision of the BIA affirming the September 22, 2010, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jun Ji Weng-Weng*, No. A099 538 456 (B.I.A. Oct. 28, 2011), *aff'g* No. A099 538 456 (Immig. Ct. N.Y. City Sept. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d

510, 513 (2d Cir. 2009). Because Weng-Weng does not challenge the agency's denial of CAT relief, we have reviewed only the denial of asylum and withholding of removal.

Weng-Weng argues that the IJ erred by finding that she failed to demonstrate that she suffered past persecution and a well-founded fear of future persecution based on her practice of Falun Gong. To demonstrate a well-founded fear of future persecution, an asylum applicant must show either: (1) that she suffered past persecution; or (2) a fear of future persecution because she "would be singled out individually for persecution" or because there was "a pattern or practice in [] her country of nationality of persecution of a group of persons similarly situated to [her]." 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2). To show an objectively reasonable fear of future persecution, an applicant must also demonstrate "that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). Here, the IJ reasonably found that Weng-Weng failed to establish an objectively reasonable basis for fearing persecution in China.

Although Weng-Weng was kicked and punched while being detained, because the IJ considered the context of the harm, noting the lack of injury, the brief periods of detentions, and time that passed between the incidents, we find no error in the IJ's determination that the beatings Weng-Weng suffered in custody did not rise to the level of persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (noting that though a beating that occurs within the context of an arrest or detention may constitute persecution, the agency may reasonably find no past persecution so long as it considers the context in which the harm is inflicted).

The IJ also reasonably found that Weng-Weng's testimony and documentary evidence was insufficient to demonstrate that she would be persecuted in China on account of her practice of Falun Gong. Although Weng-Weng's evidence indicated that Chinese authorities have arrested and detained Falun Gong practitioners, the IJ reasonably found that her credible testimony did not alone sufficiently establish that Chinese authorities were likely to become aware of her practice of Falun Gong given her testimony that: (1) she fled China for reasons other than fleeing

4

persecution; (2) she practiced Falun Gong alone in her home; and (3) her knowledge of Falun Gong was limited to two "rote" phrases describing its principles. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (providing that it is the applicant's burden to demonstrate her eligibility for asylum through credible testimony and reasonably available corroborating evidence); *Hongsheng Leng*, 528 F.3d at 143.

Nor did the IJ err in finding that Weng-Weng failed to provide reasonably available corroborating evidence from her friend who witnessed her practice Falun Gong. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Although Weng-Weng testified that she had lost contact with that friend, she did not explain how she obtained an affidavit from him one month prior to her merits hearing. Furthermore, the IJ reasonably gave minimal weight to photographs of Weng-Weng practicing Falun Gong, because she had them created for her hearing by a person whom she did not know and who could not testify on her behalf. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to afford evidence lies largely within the discretion of the IJ).

Accordingly, the IJ did not err in finding that Weng-Weng had failed to establish her eligibility for asylum.

*See* 8 U.S.C. § 1101(a)(42); *Hongsheng Leng*, 528 F.3d at 143; *Jian Xing Huang*, 421 F.3d at 129. Because Weng-Weng was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk